## INHABITANTS OF GLOUCESTER *vs.* DANIEL GAFFNEY.

An ancient vote of proprietors of common lands, granting the same, is *prima facie* evidence of title and seisin.

If the demandants in a writ of entry claim title under a vote of proprietors of common lands, passed in 1732, granting all the common land between two designated houses, proof of the position of the houses, and that at the earliest period within the memory of living witnesses there was a lot between them lying open and in common, is sufficient to authorize a jury to find that it is the lot granted by the ancient vote.

WRIT OF ENTRY to recover a piece of upland and flats known as Clay Cove Landing, on Eastern Point, so called, in Gloucester.

At the trial in the superior court, before *Vose*, J., the demandants claimed title under the following vote of the commoners of Gloucester: "At a commoners' meeting, Jan. 4, 1732–3, said meeting voted and gave to the inhabitants of the town of Gloucester forever all the common land at Clay Cove, so called, on the Eastern Point, between Elisha Corney's house and William Nelson's house, on the westerly side of the highway."

They also introduced evidence showing the position of the two houses referred to; and it further appeared that two lots of land between them were, and for a long time have been, the property of private persons, and it did not appear whether they ever belonged to the commoners or not. There was evidence tending to show that, at the earliest period to which the memory of any of the witnesses extended, in 1790, the land was open and uninclosed from Nelson's to Corney's, excepting one of the lots above referred to.

The tenant requested the court to rule as follows, to wit:

" That, the demandants relying upon the vote claimed to be that of the commoners to prove their title, and there being no evidence of title or ownership by the commoners of the land claimed except the said vote of the commoners, this is not competent or sufficient to prove title in the demandants to the land claimed.

" That the description in said vote is uncertain and conveys no title, without other evidence, to any particular parcel of land, or to any land.

" That said vote is not competent or sufficient to show that the commoners owned any land between the points named in it.

" That it is not competent and sufficient, without other evidence, to prove that they owned the parcel claimed, or any part thereof.

" That in order to prove title to the place claimed, or any part thereof, the demandants must show that it was owned by the commoners at the time of said vote, and, there being no other evidence of that fact than the vote itself, that is not sufficient or competent for the purpose.

" That if it appears that there were at least two other parcels of estate, and those owned by private persons, between the houses named, as there was evidence tending to show, besides the parcel of land claimed, the said vote does not furnish evidence of the ownership of the place claimed in the commoners at the time of their vote, and, without other evidence that the land claimed did then belong to the commoners, the demandants do not prove their title by said vote, and cannot recover."

The judge declined to rule as above requested, but instructed the jury that the demandants must satisfy them that the whole or a portion of the premises described in their declaration was covered by and included in the commoners' grant; that if they were satisfied that the vote of the commoners granting certain lands to the demandants covered and included the premises claimed, or any part of them, and the demandants went into the occupation and control of the premises claimed, so included in the grant, and under the same, and continued in possession thereof claiming title thereto until the commencement of this suit, such grant and continued possession under it would be sufficient to enable the demandants to maintain this action, and to recover the whole or such part of the premises claimed as was thus covered by the grant; and that, in the absence of all other evidence, it was not necessary for the demandants to prove by any other evidence than that of the grant itself that the commoners had a seisin or possession sufficient to enable them to convey these premises.

The jury returned a verdict for the demandants, for the whole of the demanded premises; and the tenant alleged exceptions.

*J. C. Perkins,* for the tenant.

*W. C. Endicott & B. H. Smith,* for the demandants, were not called upon.

BIGELOW, C. J. By ancient usage in this commonwealth, as well as under the authority of provincial statutes, ( *St.* 4 W. & M. *c.* 12, Anc. Chart. 247, 248, and *St.* 12 Anne, *c.* 2, Anc. Chart. 402,) proprietors of common lands had authority to alien their lands by votes; and such votes, when duly proved by record or otherwise, are deemed to be competent and sufficient proof of title and seisin, and, like deeds duly acknowledged and recorded, in the absence of other evidence, they raise a presumption that the proprietors had sufficient seisin of the premises to enable them to convey, and to vest the legal seisin in the grantee. *Springfield* v. *Miller,* 12 Mass. 415. *Green* v. *Putnam,* 8 Cush. 21. *Ward* v. *Fuller,* 15 Pick. 185. Therefore, by the production of the vote passed by the "commoners of Gloucester," January 4, 1732–3, the demandants established

a title to the estate or common land therein named and de-
scribed.

But it is now urged in behalf of the tenant that the court
erred in refusing to give the instructions to the jury for which
he asked at the trial. It seems to us, however, that his prayers
for instructions contained two unfounded assumptions. One
was, that the vote of the proprietors offered by the demandants
was neither competent nor sufficient evidence that they owned
any land comprehended within the designated boundaries. This
is clearly erroneous. In the absence of controlling evidence, as
has been already said, it was proof of both title and seisin.
The other erroneous assumption is, that there was no evidence
of title or ownership in the commoners except the vote. But
there was evidence introduced by the demandants to show the
location of the granted premises, the existence and position of
the houses specified in the vote, and of the highway named
therein, lying easterly thereof, and also to prove that at the ear-
liest period to which the memory of living witnesses extended
— upwards of seventy years — there was a tract of land be-
tween the lots occupied by said houses, and thus answering to
the description in the vote, which was open, uninclosed and
lying in common. Now it is doubtless true that the vote under
which the demandants claimed title did not purport in terms to
convey all the land lying between the designated boundaries,
but only the common land there situate. It was therefore neces-
sary for the demandants, in order to recover, to apply the de-
scription in the vote, and to ascertain by evidence the extent
and position of the land granted, and to show that it embraced
the premises described in the writ. The evidence above ad-
verted to tended to supply this proof. It not only established
the position of the two houses named in the vote, thus fixing
two exterior lines of the premises granted, but, by proving that
the land there situate was not occupied in severalty by any one,
but remained open and unfenced, the evidence tended to iden-
tify it as land which was lying in common, and in this respect
corresponding with the description in the vote. Such evidence,
in cases of ancient writings and titles, is not only competent,

but from the nature of the case necessary, in order to ascertain the subject matter of a grant or conveyance. The practical construction as to extent and boundaries must in such cases be shown by the occupation or mode of use of land. As such, it is a question of fact proper to be submitted to the determination of a jury. *Codman* v. *Winslow*, 10 Mass. 146. In the present case, the instructions under which the case was put to the jury required them to find that the premises described in the writ, or some part of them, were comprehended in the vote of the commoners on which the demandants relied. They were told, in substance, that such evidence was necessary in order to entitle the demandants to a verdict. These instructions were certainly correct and well adapted to the facts in proof. But the instructions for which the tenant asked, so far as they went beyond those which were adopted by the court, were erroneous and calculated to mislead the jury, and were rightly rejected.

*Exceptions overruled.*